IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01901-BNB

BRANDON CHE LEE,

    Applicant,

v.

COZZA RHODES,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Brandon Che Lee, is incarcerated in the Federal Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Lee has paid the $5.00 filing fee.

In the Application, Mr. Lee asserts challenges the legality of his federal detention on the basis that his unit manager "showed [Applicant an] unregistered and uncertified Judgment and pre-sentence report." [Doc. # 1, at 3]. Mr. Lee requests that the Court order the BOP to obtain an authenticated Judgment and presentence report from the District Court for the Central District of Colorado where he was sentenced, and asks that he be released immediately. Applicant refers the Court to a previous case he filed: *Lee v. Cozza-Rhodes*, Civil Action No. 13-cv-01504-BNB.

In Civil Action No. 13-cv-01504-BNB, Mr. Lee alleged that he was serving a sentence pursuant to a judgment entered in the District Court for the Central District of California. He claimed that his federal detention was illegal because BOP staff refused

to show him a certified copy of the Judgment and pre-sentence report in his criminal case. [Civil Action 13-cv-1504-BNB, Doc, # 4].

The federal courts' PACER website reflects that Mr. Lee was convicted in June 2010 in the District Court of the Central District of California, Case No. 07-cr-00207-AG-1, of Mail Fraud, in violation of 18 U.S.C. § 1341; Production of False ID Documents, in violation of 18 U.S.C. § 1028(a)(1); Possession of 5 or More ID Documents, in violation of 18 U.S.C. § 1028(a)(3); and, Possession of Document Making Implements, in violation of 18 U.S.C. § 1028(a)(5).  In June 2010, Applicant was sentenced to a 240-month term of imprisonment with the Federal Bureau of Prisons.  The Court of Appeals for the Ninth Circuit affirmed Applicant's convictions on direct appeal in *United States v. Brandon Che Lee,* No. 10-50271, 465 F. App'x 627 (9th Cir. Jan. 5, 2012) (unpublished).  The United States Supreme Court denied Applicant's petition for certiorari review on March 5, 2012.  *See Che Lee v. United States*, 132 S.Ct. 1731 (2012).

Mr. Lee's federal detention is valid pursuant to the Judgment entered in the District Court for the Central District of California, which was affirmed by the Ninth Circuit Court of Appeals.  Applicant cites no federal authority, and the Court is aware of none, that holds a federal inmate's incarceration unlawful under the Unites States Constitution or other federal law simply because the BOP shows the inmate a copy of the Judgment that is not certified or otherwise authenticated.  *See Munn v. Peterson*, No. 05-6147, 156 F. App'x 85, 87 (10th Cir. Nov. 30, 2005) (unpublished) (rejecting federal parole violator's claim, in habeas petition, that he was entitled, as a matter of due process or otherwise, to have a copy of his original judgment and commitment

order attached to the parole violator warrant issued by the United States Parole Commission, and stating that "we are not persuaded that the absence of an original or certified copy of Munn's 1975 judgment and commitment order does anything to undermine the legitimacy of his current confinement."). Mr. Lee does not dispute that he sustained a criminal conviction in the District Court for the Central District of California and was sentenced in June 2010. Accordingly, the Court finds that Mr. Lee fails to allege that his sentence is being executed in violation of the laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). His Application therefore will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Lee files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Brandon Che Lee on July 16, 2013, is DENIED and this action is DISMISSED WITH PREJUDICE. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied. Mr. Lee may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this 7th day of August, 2013.

BY THE COURT:

s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court